**FILED**
September 17, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02242

**Roman Hernandez,**
*Petitioner,*
v.
**Collins, et al.,**
*Respondents.*

## MEMORANDUM OPINION AND ORDER

Jorge Roman Hernandez is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing and an injunction prohibiting Respondents from transferring him outside this Court's jurisdiction during the pendency of his petition. Because his detention is lawful, his petition and request for an injunction are denied.[1]

## BACKGROUND

Petitioner last entered the United States without inspection on or about 2010 and has remained here since. Petitioner has no criminal history. On or about July 27, 2026, Petitioner was detained by federal immigration authorities following a traffic stop. Petitioner is currently detained by Respondents at the T. Don Hutto Detention Center in Taylor, Texas.

[1] Petitioner also requests leave to proceed *in forma pauperis* because "[n]either Petitioner nor his family has the ability to pay the required filing fee." Habeas Petition at ¶ 257 (ECF No. 1). Petitioner paid the filing fee. Petitioner's application to proceed *in forma pauperis* is denied as moot.

On August 14, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing and an injunction against removing him from this Court's jurisdiction while his petition is pending. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the

facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Administrative Procedure Act, the Immigration and Nationality Act and its implementing regulations, the Suspension Clause, the Equal Protection Clause, the *Accardi* doctrine, the Fourth Amendment, and his rights as a member of a bond-eligible class.[2] His arguments, however, fail. Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either.[3]

[2] Petitioner also mentions that his detention is unreasonably prolonged, that there is no reasonable likelihood of his removal in the foreseeable future, and that his detention is punitive, but he does not assert these arguments as claims for relief. Even if he had, they would not entitle him to habeas relief. Petitioner's detention is not unreasonably prolonged as he has been detained for less than two months. *See Demore*, 538 U.S. at 526, 530 (permitting detention during removal proceedings); *see also* Habeas Petition at ¶ 88 (arguing courts may find detention unreasonable after six months). Petitioner's detention is not punitive. *See Tapia v. Mullin*, 834 F. Supp. 3d 718, 723–725 (W.D. Tex. 2026) (explaining the purposes of detention). Petitioner also does not present good reason to believe he is not reasonably likely to be removed after entry of a final removal order. *See Zadvydas*, 533 U.S. at 701 (requiring petitioner show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future after a final removal order).

[3] The Fifth Circuit's panel decision in *Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir.), *vacated on reh'g en banc*, 181 F.4th 608 (5th Cir. 2026), was vacated and rehearing en banc was granted on July 10, 2026, *see Rodriguez v. Ortega*,

Neither the Fourth Amendment nor the *Accardi* doctrine requires Petitioner's release. Petitioner alleges he was arrested without a warrant and that this violates the Fourth Amendment and the *Accardi* doctrine. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). But even if his arrest was unlawful, that does not entitle him to the remedy of a writ of habeas corpus. The Supreme Court has held that "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *I.N.S. v Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984). Put differently, an unlawful arrest does not immunize a person from deportation proceedings or detention as part of those proceedings. Courts have thus denied habeas petitions demanding release based on an allegedly unlawful arrest. *See, e.g.*, *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (denying habeas petition raising the *Accardi* doctrine regarding a warrantless arrest and collecting cases); *Kech-Chaf v. Blanche*, No. 1:26-cv-01404 (W.D. Tex. June 30, 2026) (same).

Petitioner's argument that his detention violates his right to equal protection of the laws is also meritless. The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "The Supreme Court has interpreted the Fifth Amendment to contain an equal protection component[.]" *United States v. Barcenas-Rumualdo*, 53 F.4th 859, 864

---

181 F.4th 608, 609 (5th Cir. 2026) (en banc) (per curiam). "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs*,763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning. For the reasons set forth in *Esquivel v. Mullin*, No. 1:26-cv-02000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026), the subsequent stay, *Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. July 21, 2026) (en banc) (per curiam), does not preclude this Court from adjudicating or entering final judgment in this case.

(5th Cir. 2022) (quoting *Washington v. Davis*, 426 U.S. 229, 239 (1976)) (cleaned up). "Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal protection claims against state actors." *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-cv-067-H, 2026 WL 1062625, at *4 (N.D. Tex. Apr. 13, 2026) (quoting *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017)). Under those standards, the Government "may pursue legitimate purposes by any means having a conceivable rational relationship to those purposes" if they "do not burden a fundamental right or target a suspect class." *Smith v. Davis*, No. 2:17-cv-0013, 2017 WL 1857442, at *3 (N.D. Tex. Mar. 28, 2017) *report and recommendation adopted,* No. 2:17-cv-13, 2017 WL 1857240 (N.D. Tex. May 5, 2017) (quoting *Stern v. Tarrant County. Hosp. Dist.*, 778 F.2d 1052, 1054 (5th Cir. 1985) (en banc), *cert. denied*, 476 U.S. 1108 (1986)).

Petitioner concedes that Respondents' action here is subject only to rational basis review. Habeas Petition at ¶ 270. Petitioner nonetheless argues that the Government had no rational reason to treat Petitioner differently than other similarly situated unlawful entrants. *Id.* at ¶¶ 269, 271. But Petitioner does not dispute that Respondents are currently treating him and similarly situated individuals similarly. They are all being detained without bond under 8 U.S.C. § 1225, which is why Courts have seen a deluge of petitions nearly identical to Petitioner's. Rather, Petitioner's argument is that *previous* administrations gave people like him individualized bond hearings instead of detaining them. That is true so far as it goes. But it does not make out an equal protection claim because there is a compelling (not merely rational) reason for the different treatment. Namely, this administration is doing what Congress instructed. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (explaining that section 1225

"unambiguously provides for mandatory detention"). It is not an equal protection violation for Respondents to start following the law. For the reasons set forth *supra* and in Parts I–V of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026), the Court denies the petition.

Petitioner is also not entitled to an injunction against transfer outside the district. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a temporary restraining order barring the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [ ] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). Petitioner likewise presents no persuasive reason for the Court to enjoin Respondents from taking steps to effectuate his removal from the United States while his petition is pending. Even if he had, the Court would lack jurisdiction to do so. *See* 8 U.S.C. § 1252(g). Petitioner's request for an injunction is denied. *See, e.g.*, *Jaramillo-Arellano v. Blanche*, No. 1:26-cv-01711, 2026 WL 2476440, at *6 (W.D. Tex. Aug. 24, 2026).

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on September 17, 2026.*

ANDREW DAVIS
United States District Judge